■ Ivan R. Bailey et al., Respondents, v Nationwide Mutual Fire Insurance Company, Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court (Keniry, J.), entered November 10, 1986 in Saratoga County, which granted plaintiffs' motion to dismiss defendant's second and third affirmative defenses.

On October 12, 1984, plaintiffs' home in the Town of Halfmoon, Saratoga County, was destroyed by fire. The property was insured by defendant under a standard fire insurance policy. Defendant served a written demand upon plaintiffs to file an inventory of destroyed or damaged property, a sworn proof of loss form and a standard New York State fire claim form within 60 days of the date of plaintiffs' receipt of the demand. Defendant's demand letter stated that blank proof of loss forms were enclosed. The insurance policy contained the

requirement that the insured submit a sworn proof of loss within 60 days after the insured's receipt of the demand. Plaintiffs failed to do so and the claim was not paid. Plaintiffs later submitted a sworn proof of loss after the 60-day period had expired. Defendant rejected the claim, and plaintiffs commenced the instant action for breach of contract.

Defendant's answer to plaintiffs' complaint contained five affirmative defenses, two of which related to plaintiffs' failure to provide proof of loss within 60 days of the written demand as required by Insurance Law § 3407 and the terms of the insurance policy. Plaintiffs moved for accelerated judgment pursuant to CPLR 3211 (b) dismissing the second and third affirmative defenses on the ground that defendant's failure to provide the necessary blank proof of loss forms to plaintiffs excused the noncompliance as a matter of law. Supreme Court granted plaintiffs' motion and dismissed defendant's second and third affirmative defenses on the ground that defendant's response to discovery did not contain any copy of blank proof of loss forms and defendant's averment of common office practice was insufficient to sustain defendant's burden to establish that it provided the proof of loss forms.

Insurance Law § 3407 provides that the failure to produce proof of loss will not invalidate the claim unless the insurer gives a written notice and a blank form. Failure of the insured to file the proof of loss is an absolute defense for the insurer in an action on the policy unless there has been a waiver of the requirement by the insurer or conduct on its part estopping its assertion of the defense (*Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.*, 63 NY2d 201, 210; *C.F.C. Realty Corp. v Empire Fire & Mar. Ins. Co.*, 110 AD2d 508, 509). The purpose of Insurance Law § 3407 is the protection of the insured from the consequences of oversight in failing to timely file a proof of loss which is a condition precedent to recovery (*Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., supra,* at 216). The insurer must, therefore, make a written demand for proof of loss and provide blank forms before it can deny recovery based on failure to provide proof of loss (*see, supra*).

Next, while receipt of the demand letter and some forms through the mail is not disputed, the presumption of receipt of regularity cannot apply here to establish all of the disputed contents of the envelope. The placement of the envelope in the mail does not attest to its contents. Further, defendant's affidavit merely recites that it was established office practice to enclose blank proof of loss forms in such mailings. Such a

recitation does not satisfy the requirement that such an averment in an affidavit must be based on personal knowledge or recite facts establishing the reliability of the office practice, neither of which defendant has done (see, Nassau Ins. Co. v Murray, 46 NY2d 828; Smith v Palmieri, 103 AD2d 739). Defendant also errs in arguing that plaintiffs should have noticed that the proof of loss forms were missing from the documents mailed to them and acted accordingly. Insurance Law § 3407 clearly requires that the insurer provide proof of loss forms, not that the insured request them. As previously noted, the purpose of the statute is to protect the insured from his own oversight.

Finally, we note that Supreme Court did not rely only on plaintiffs' denial of the receipt of the blank forms. The information provided by defendant through discovery revealed that defendant's file contained no record of the proof of loss forms being provided, despite the file containing copies of other blank forms. Reasonable minds could not differ as there is only one inference that can be drawn and that is that the forms were not provided. The pleadings, affidavits and exhibits were sufficient to justify a finding as a matter of law that there was no defense. Accordingly, the dismissal of the two affirmative defenses relating to plaintiffs' failure to provide proof of loss within 60 days of the demand was proper pursuant to a motion to dismiss pursuant to CPLR 3211 (b) and no different result would be reached if Supreme Court, as defendant contends, treated the motion as one for summary judgment.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.