BRADLEY B. DAVIS et al., Appellants, v DIME SAVINGS BANK OF NEW YORK, FSB, Respondent.

Third Department, June 21, 1990

APPEARANCES OF COUNSEL

*Bradley B. Davis,* appellant *pro se.*

*Patterson, Belknap, Webb & Tyler (Lisa C. Cohen* and *Thomas W. Pippert* of counsel), for respondent.

OPINION OF THE COURT

KANE, J.

In January 1986, plaintiffs, Bradley B. Davis (an attorney residing in New York City) and Ira Lubell (a physician presently residing in California), purchased certain real property in the Town of Stanford, Dutchess County, to be operated as a boarding stable for horses. A portion of the purchase price was provided by a note and mortgage from defendant to plaintiffs which provided for repayment in monthly installments of principal and interest, together with additional "funds" representing one twelfth of the estimated yearly taxes and assessments and insurance upon the property to be held by defendant as "escrow items" for the payment of the designated items. For unexplained reasons, the town taxes for the year 1987 were not paid, nor were any of the taxes for the year 1988 paid when due.

In August 1988, Davis was advised that his town taxes due in January 1988 had not been paid. He notified defendant immediately, in writing, that the taxes were not paid. There was no response from defendant. About a month later, Davis called defendant and was assured that the taxes were paid and that he would receive written confirmation to that effect. No such writing was received. Subsequently, another call was made and Davis was advised that the taxes were inadvertently not paid, but would be paid within 48 hours and that he would receive written confirmation. Again, nothing in writing was forthcoming and after about two weeks, an additional call was made which resulted in a letter from defendant dated October 25, 1988 advising Davis that all past due taxes and penalties had been "resolved" as of that date. However, shortly thereafter, plaintiffs received a notice of tax sale dated November 7, 1988 from the Dutchess County Commissioner of Finance advising them that the property would be sold on January 5, 1989 for unpaid taxes in the sum of approximately $3,000. On November 16, 1988, the property was advertised for foreclosure sale for failure to pay taxes. The present action seeking damages for breach of a fiduciary obligation, fraud and certification as a class action was commenced on November 15,

1988. Thereafter, and on November 29, 1988, defendant sent plaintiffs another letter advising that the taxes had been paid. However, the taxes were actually paid on December 7, 1988.

Defendant's motion to dismiss plaintiffs' complaint for failure to state a cause of action was granted by Supreme Court, which found that the alleged breach was of a contractual duty rather than a fiduciary duty and for which the damages alleged in the complaint were not compensable. Additionally, Supreme Court determined that the allegations failed to contain the requisite elements to sustain a cause of action for fraud and also denied a cross motion by plaintiffs for certification as a class action. This appeal by plaintiffs ensued.

In our view, the complaint, alleging facts arising out of the escrow arrangement for the payment of taxes, describes a fiduciary obligation on the part of defendant and the first cause of action should not have been dismissed on the ground that it sounds solely as a claim for breach of contract (see, Grinblat v Taubenblat, 107 AD2d 735, 736; Penato v George, 52 AD2d 939, 942, appeal dismissed 42 NY2d 908). Moreover, the same conduct which constitutes a breach of a contractual obligation may also constitute the breach of a duty arising out of the contract relationship which is independent of the contract itself (see, Mandelblatt v Devon Stores, 132 AD2d 162, 167-168). Consequently, it is not inconsistent for plaintiffs' first cause of action to be construed as one seeking damages for a breach of a fiduciary duty and/or a contractual duty. Furthermore, the claim for consequential damages specifically constituting loss of business was sufficiently pleaded and supported by affidavit.

It is also our view that the complaint's second cause of action for fraud was improperly dismissed. The complaint, which alleges that defendant's representations that the taxes were paid were made willfully and maliciously to induce plaintiffs to believe that they had been paid promptly, sufficiently states the requisite elements of fraud (see, Alio v Saponaro, 133 AD2d 887, 888; see also, Jo Ann Homes v Dworetz, 25 NY2d 112, 119).

MAHONEY, P. J., CASEY, LEVINE and MERCURE, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as granted the motion to dismiss plaintiffs' first and second causes of action; motion regarding said causes of action denied; and, as so modified, affirmed.