■ MEDICAL FACILITIES, INC., Appellant, v JOHN W. PRYKE, Respondent.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered February 22, 1990, which denied plaintiff-appellant's motion to vacate the CPLR 3404 dismissal of this action, unanimously reversed, on the law, the facts, and in the exercise of discretion, the motion is granted, and the matter is restored to the trial calendar, with leave to Owen J. McCormack to prosecute it *pro se,* without costs.

Plaintiff-appellant, Medical Facilities, Inc., a Bronx community health care center operated by its owner and sole shareholder, Owen J. McCormack, brought this action in July 1981 against its insurer, Underwriters At Lloyds, London, which party was subsequently substituted by defendant-respondent, John William Pryke. Plaintiff sought to recover pursuant to an insurance policy in effect on July 21, 1975, when it sustained losses due to a fire which caused extensive damage to its premises. Although the insurer had satisfied plaintiff's property damage claim, it disclaimed liability for losses asserted under the "business interruption" and "rent" provisions of the policy.

In a prior appeal to this Court, defendant challenged the denial of its motion for summary judgment dismissing the complaint on the grounds that there existed no triable issues of fact and that the matter was time-barred under the statute of limitations. The trial court's denial of summary judgment was sustained, both at this appellate level (95 AD2d 692) and by the Court of Appeals (62 NY2d 716).

Following defendant's appeals, depositions were conducted and, on August 22, 1986, plaintiff served a note of issue and certificate of readiness upon defendant, and the case was placed on the trial calendar of May 6, 1987. By that date, however, plaintiff's attorney had withdrawn from the case, and Owen McCormack appeared *pro se* on behalf of plaintiff to request an adjournment so that he could retain counsel. Before he was able to do so, however, McCormack was diagnosed as having cancer, and was required to undergo extensive medical care, including surgery.

By August 1988, McCormack was sufficiently recovered to

begin making inquiries as to the status of the case, and he eventually learned that it had been dismissed in May 1988, as an abandoned case within the meaning of CPLR 3404.

At issue before this Court is the denial of McCormack's motion to restore the case to the trial calendar. In ruling that McCormack had failed to establish both the existence of a meritorious cause of action and the absence of prejudice to defendant, the IAS part did not determine whether McCormack had standing to appear on behalf of the plaintiff, but assumed, *arguendo,* this fact for the purpose of the motion. Upon examination of this record, we conclude that McCormack properly appeared, and that the IAS part improperly denied the motion to vacate.

The record contains an assignment of the corporate plaintiff's cause of action to its sole shareholder, Owen J. McCormack. It is facially valid and we are unable to discern any reason why it should not be honored. *(See, Kamp v In Sportswear,* 39 AD2d 869, *revg for reasons stated in dissent at App Term* 70 Misc 2d 898.)

With respect to whether plaintiff has established a meritorious cause of action, as required for the vacatur of dismissal pursuant to CPLR 3404 *(see, Mamet v Mamet,* 132 AD2d 479, 480), our examination of the record leads us to further conclude that plaintiff has met this burden. Plaintiff's insurance policy contained coverage for the losses claimed, and this Court's prior affirmance of the denial of defendant's motion for summary judgment was predicated upon a determination that there exist material triable issues of fact.

Moreover, we are unpersuaded that a different result is mandated by plaintiff's alleged failure to file proofs of loss, an argument defendant also raised in the prior appeal. Pursuant to Insurance Law § 172 (1) (now § 3407 [a]), an insured's failure "to furnish proofs of loss to the insurer * * * shall not be deemed to invalidate or diminish any claim of such person under [an insurance] contract, unless such insurer * * * shall * * * give to such person insured a written notice that it or they desire proofs of loss to be furnished by such person to such insurer * * * *[on]* a suitable blank form or forms".* (Emphasis added.)

The within insurer-defendant did not provide proof of loss forms until 18 months after the fire, and those provided were not blank, as required by statute, but filled in with amounts considered inadequate by plaintiff.

Finally, we note, with regard to defendant's claim of preju-

dice, that the age of this litigation is in part attributable to defendant's appeals, and that both the transcript of the deposition of its now-retired representative and the insurance contract which forms the basis for this litigation, are available. Concur—Milonas, J. P., Asch, Kassal and Rubin, JJ.