■ MBW ADVERTISING NETWORK, INC., et al., Appellants, v CENTURY BUSINESS CREDIT CORP., Respondent.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered January 23, 1990, which, *inter alia,* granted defendant's motion for partial summary judgment pursuant to CPLR 3212 (e) and dismissed the first cause of action of the amended complaint, unanimously affirmed, without costs.

Plaintiff MBW hired defendant, Century Business Credit Corp., as its credit collector. Due to dissatisfaction with defendant's performance under the contract, plaintiff terminated the contract. Aside from the breach of contract claims, plaintiff seeks damages for fraud alleging that defendant overstated both the nature of its services and its ability to perform, in order to obtain the contract, and subsequently misrepresented the services it was rendering in order to avoid or delay termination of the contract.

While we recognize that the same acts which give rise to a cause of action for fraud may also form the basis for a breach of contract claim *(Davis v Dime Sav. Bank,* 158 AD2d 50, 52), a cause of action for fraud will not arise if the alleged fraud merely relates to the breach of contract. *(Miller v Volk & Huxley,* 44 AD2d 810.)* In this case, the record demonstrates

that all the causes of action stem from a failure to perform a contract. There has been no breach of a duty owed to plaintiff apart from that arising under the contract. Accordingly, dismissal of the first cause of action sounding in fraud was warranted. Concur—Sullivan, J. P., Carro, Rosenberger, Kupferman and Rubin, JJ.