■ Paul Goettler, Respondent, v Rodney Peters et al., Defendants, and Reynolds C. Graves et al., Appellants. [639 NYS2d 843]

The plaintiff alleged that the defendant Rodney Peters (hereinafter Peters) had conspired with his counsel Reynolds C. Graves (hereinafter Graves) of the law firm Graves, Gold & Darbee (hereinafter the law firm) in a scheme to deprive him

of the real property he had purchased from Peters. The plaintiff alleges that he was given only a few hours notice of the closing and therefore he was unrepresented by his own counsel. Graves refused to adjourn the closing until the plaintiff could obtain representation. Moreover, Graves told the plaintiff that he would assist him at the closing. Graves prepared a possession agreement between Peters and the plaintiff which provided that Peters would pay the plaintiff $100 for every day that he occupied the property after a certain date.

Because the plaintiff was unprepared for the closing he did not have certified funds to pay off liens against the property or to pay the balance of the purchase price. Therefore, he gave Graves personal checks which were to be replaced by certified funds several days later. Although the liens were satisfied several days later, and certified funds for the balance of the purchase price were accepted by Graves and placed in his firm's escrow account, Graves, on Peters' behalf, commenced an action against the plaintiff to rescind the sale based upon breach of the sales contract, and recorded a notice of pendency of action. During the ensuing litigation, Peters continued to occupy the plaintiff's property without complying with the terms of the possession agreement. Approximately three years later, the court entered a judgment in favor of the plaintiff which, *inter alia,* provided for Peters' eviction from the property and payment of the rental value of the property for that three-year period.

The defendant Barbara Barahal, an employee of Citation Abstract Corp., was the closer who prepared the title insurance commitment issued by Chicago Title Insurance Company (hereinafter Chicago Title). Although Chicago Title did not issue a title policy until after the instant action was commenced, the company defended the plaintiff in the rescission action pursuant to the terms of the commitment. Moreover, Chicago Title recorded the deed conveying title to the plaintiff, despite an initial delay in doing so because of representations made to it by Graves.

While the rescission action was still pending, Graves filed a bankruptcy petition on Peters' behalf, which, *inter alia,* delayed the resolution of the rescission action and prevented the plaintiff from obtaining discovery regarding Peters' personal and financial matters. Although the bankruptcy action was later withdrawn, when the plaintiff sought information from the law firm regarding Peters, for purposes of executing the money judgment, the law firm refused to provide

the information claiming that it was privileged. The plaintiff commenced the instant action alleging causes of action, *inter alia,* sounding in fraud, conspiracy to defraud, malicious prosecution, prima facie tort, breach of contractual obligations, and negligence, and seeking damages including punitive damages. Barahal, Citation Abstract, and Chicago Title moved for summary judgment dismissing the complaint insofar as asserted against them, and Graves and his law firm moved, pursuant to CPLR 3211, to dismiss the complaint insofar as asserted against them. The plaintiff cross-moved for leave to amend the complaint to add a tenth cause of action. The court granted the motions to the extent of dismissing the first cause of action which alleged fraud in the inducement as to the sales contract, on the ground that none of these defendants were involved in the negotiations for the sale. The court otherwise denied the motions. The court granted the plaintiff's cross motion to amend the complaint. Upon reargument, the court adhered to its prior determination. It also denied the branch of the motion for reargument of Barahal, Citation Abstract, and Chicago Title, which was for summary judgment dismissing the tenth cause of action.

A title insurance commitment, which is issued at the time of the closing, constitutes a policy or contract of indemnity by the title insurer *(see, Smirlock Realty Corp. v Title Guar. Co.,* 52 NY2d 179, 187-188; Insurance Law § 1113 [a] [18]; § 6401 [b]; 5A Warren's Weed, New York Real Property, Title Insurance, § 4.01 [4th ed]). The issuance of a clean policy merely confirms the obligations already undertaken by the title company. Since Chicago Title, through its agents, issued a commitment insuring the plaintiff's title to the real property, and the company defended the plaintiff in the rescission action pursuant to the terms of the insurance commitment, it is irrelevant that the actual title policy was not issued until after the instant action was commenced. Thus, Chicago Title did not breach its contractual duties and the fourth cause of action should have been dismissed. Moreover, the plaintiff has failed to raise an issue of fact that his injury was caused by these defendants' actions, thus, the tenth cause of action for negligence against Chicago Title and its agents should have been dismissed.

While the plaintiff's third cause of action to recover damages for malicious prosecution against Graves and the law firm based upon their representation of Peters in the rescission action was sufficiently stated, that cause of action was barred under the one-year Statute of Limitations *(see,* CPLR 215). The plaintiff did not adequately plead the eighth cause of action to

recover damages for prima facie tort since there is no allegation that the defendants' sole motivation was to injure and damage the plaintiff *(see, Curiano v Suozzi,* 63 NY2d 113, 117; *see also, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 332). Moreover, since the deed was delivered at the closing, and it was subsequently recorded, the plaintiff failed to allege any damages to sustain the fifth cause of action sounding in breach of fiduciary duty. Nevertheless, the plaintiff has stated sufficient allegations to maintain the second and ninth causes of action to recover damages for fraud, based upon a conspiracy theory *(see, Kashi v Gratsos,* 790 F2d 1050; *see also, Chase Manhattan Bank v Perla,* 65 AD2d 207, 211).

The appellants' remaining contentions are without merit. Miller, J. P., O'Brien, Pizzuto and Krausman, JJ., concur.