■ FGH Realty Credit Corp., Appellant-Respondent, v Ernest Bonati, Respondent-Appellant, et al., Defendants. [641 NYS2d 12] —Order, Supreme Court, Suffolk County (Lester Gerard, J.), entered December 5, 1994, which, *inter alia,* granted plaintiff's motion for summary judgment of foreclosure, unanimously affirmed, without costs.

There was no evidence to support defendant's claim that plaintiff had orally agreed to forbear from foreclosing (*see, Blittner v Friesch-Groningshe Hypotheebank Realty Credit Corp.,* 221 AD2d 152; *Massachusetts Mut. Life Ins. Co. v Gramercy Twins Assocs.,* 199 AD2d 214, 217). Nor did plaintiff submit any evidence to demonstrate that an exception to the mortgage's non-recourse provision should apply. In any event, although banks, as escrow holders of funds to be used for payment of taxes, may be held liable on a theory of fiduciary breach for nonpayment (*see, Davis v Dime Sav. Bank,* 158 AD2d 50), a non-escrow-holding mortgagor who fails to pay taxes does not thereby commit fraud within the meaning of the non-recourse exception herein. With respect to plaintiff's argument that the fraudulent nonpayment of taxes by a mortgagor may constitute waste (*see, Travelers Ins. Co. v 633 Third Assocs.,* 14 F3d 114, 123), we find that there was no evidence of fraud herein.

We have considered the parties' other contentions for affirmative relief and find them to be without merit. Concur—Ellerin, J. P., Wallach, Kupferman, Williams and Mazzarelli, JJ.