■ STANDARD FEDERAL BANK, Respondent, v JOAN HEALY, Appellant, et al., Defendants. [777 NYS2d 499]—

In an action to foreclose a mortgage, the defendant Joan Healy appeals from an order of the Supreme Court, Rockland County (Nelson, J.), entered September 26, 2002, which granted

the plaintiff's motion for summary judgment dismissing the counterclaims asserted by her.

Ordered that the order is affirmed, with costs.

On September 29, 1995, the defendant Joan Healy (hereinafter the defendant), borrowed $171,000 from the plaintiff bank to purchase a house in the Town of Ramapo. The loan was secured by a mortgage on the premises. Under the terms of the mortgage and note, a portion of the defendant's monthly payments were to be placed in an escrow account and used by the bank to pay real estate taxes for the premises. It is undisputed that in November 1996, the bank erroneously paid $3,535.49 of the escrow funds to the Village of Suffern for taxes, despite the fact that the plaintiff's home was located in the Town of Ramapo. The bank also allegedly paid the Town of Ramapo the full amount of annual taxes due in January 1997, despite the fact that only half of the annual tax obligation was then due. Although the defendant claims that she orally notified the bank of its errors as early as February 1997, the bank maintains that it did not receive written notice of the disputed escrow payments until July 1997. Approximately one week after its receipt of written notice, the bank took corrective action, which included notifying major credit reporting agencies to remove derogatory information from the defendant's credit report, and waiving late fees which had accrued due to the defendant's failure to make mortgage payments.

In March 1998, the bank commenced this action to foreclose the mortgage alleging that the defendant was in default of her obligations under the mortgage and note because she failed to make any payments since March 1997. In her answer, the defendant asserted counterclaims to recover damages, inter alia, for breach of fiduciary duty, breach of contract, and fraud. The counterclaims were predicated upon allegations that the bank erroneously debited the defendant's account for tax payments improperly made to the Village of Suffern, made improper demands for mortgage payments, and failed to timely rescind adverse credit reports. The defendant further claimed that the bank's actions damaged her credit rating, thereby preventing her from refinancing the mortgage at a more favorable rate, resulting in the potential loss of the premises through foreclosure. In August 2000, the Supreme Court awarded the bank summary judgment on the complaint, and the premises was sold at a foreclosure sale. The bank thereafter moved for summary judgment dismissing the defendant's still-pending counterclaims. The Supreme Court granted the bank's motion, concluding, inter alia, that its erroneous debit of the defendant's

escrow account did not constitute a breach of fiduciary duty, and that the bank did not breach the terms of the mortgage and note because it corrected the errors made to the escrow account and the amount of the monthly mortgage obligation, and rescinded adverse credit reports. We affirm.

Although the relationship between a borrower and a bank is a contractual one which generally does not give rise to a fiduciary duty (*see Walts v First Union Mtge. Corp.,* 259 AD2d 322 [1999]; *Bank Leumi Trust Co. of N.Y. v Block 3102 Corp.,* 180 AD2d 588, 589 [1992]), a bank, in its capacity as escrow holder of funds to be used for the payment of property taxes, may be held liable on a theory of breach of fiduciary duty for the failure to make required tax payments (*see FGH Realty Credit Corp. v Bonati,* 226 AD2d 188 [1996]; *Davis v Dime Sav. Bank of N.Y.,* 158 AD2d 50 [1990]). Since the bank did not fail in its fiduciary obligation to pay taxes on the defendant's behalf, the Supreme Court properly concluded that it could not be held liable on a breach of fiduciary duty theory. Furthermore, while it is undisputed that the bank erroneously paid taxes to the Village of Suffern in November 1996, and may have prematurely paid the full amount of annual taxes due to the Town of Ramapo in January 1997, the defendant cannot prevail on either a breach of fiduciary duty or breach of contract theory unless she sustained actual damages as a natural and probable consequence of such a breach (*see Alpha Auto Brokers v Continental Ins. Co.,* 286 AD2d 309 [2001]; *Wenger v Alidad,* 265 AD2d 322 [1999]; *Ecker v Zwaik & Bernstein,* 240 AD2d 360 [1997]; *Goettler v Peters,* 225 AD2d 660 [1996]). Here, the defendant's evidentiary submissions were insufficient to raise a triable issue of fact as to the claim that she sustained damages because the adverse credit information caused her to lose an opportunity to refinance her mortgage. Moreover, in light of the documentary evidence establishing that the defendant did not pay her monthly mortgage obligations even after the dispute over the improper escrow debits and the amount of her mortgage payments was resolved, she failed to raise a triable issue of fact as to whether the entry of a judgment of foreclosure against her was a consequence of the bank's errors.

The Supreme Court also properly dismissed the defendant's counterclaim to recover damages for fraud, which was based upon allegations that the bank falsely represented that it rescinded the defendant's adverse credit report, and that she could work out a payment plan with the bank's Loss Mitigation Department. The documentary evidence submitted by the bank in support of its motion established that it took steps to clear

adverse information from the defendant's credit record shortly after receiving written notice of the escrow dispute. In opposition, the evidence submitted by the defendant failed to raise a triable issue of fact. Moreover, the bank's suggestions that the defendant contact its Loss Mitigation Department to work out a payment plan if she lacked the financial resources to bring her account current did not constitute a representation that the bank would agree to the loan modification plan proposed by the defendant.

The defendant's remaining contentions are without merit. Altman, J.P., Krausman, Adams and Townes, JJ., concur.