(February 22, 2005)

■ ALD Holding Corp., Appellant, v F & O Port Corp., Respondent, et al., Defendant. [790 NYS2d 514]—

In an action, inter alia, for specific performance of a right of first refusal to purchase certain real property, and to recover damages for fraud, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated February 17, 2004, as denied its motion for a preliminary injunction enjoining the defendant F & O Port Corp. from transferring the subject real property, granted those branches of the cross motion of the defendant F & O Port Corp. which were for leave to serve an amended answer and for summary judgment dismissing the complaint insofar as asserted against it, and, in effect, denied its cross application for summary judgment dismissing the counterclaim of the defendant F & O Port Corp., alleging tortious interference with contract.

Ordered that the order is modified, on the law and as a matter of discretion, by (1) deleting the provision thereof granting those branches of the cross motion which were for leave to serve an amended answer and for summary judgment dismissing the complaint insofar as asserted against the defendant F & O Port Corp., and substituting therefor a provision denying those branches of the cross motion, and (2) deleting the provision thereof, in effect, denying the plaintiff's cross application for summary judgment dismissing the counterclaim of the defendant F & O Port Corp. alleging tortious interference with contract and substituting therefor a provision granting the cross application; as so modified, the order is affirmed, with one bill of costs to the plaintiff, the complaint is reinstated against the defendant F & O Port Corp., and the counterclaim of the defen-

dant F & O Port Corp. alleging tortious interference with contract is dismissed.

The defendant F & O Port Corp. (hereinafter F & O), the sponsor of a condominium complex in Rocky Point, offered a right of first refusal to purchase a unit in the complex to the plaintiff, the owner of a contiguous unit. However, no sale of the unit to the plaintiff was ever consummated. Some months after the plaintiff commenced this action, after reviewing the bylaws of the condominium complex, F & O realized that, as sponsor, it was exempt from the requirement that owners of contiguous units be offered the right of first refusal and, inter alia, moved for leave to amend its answer accordingly.

Knowledge of its rights as sponsor should have been imputed to F & O since 1998, when it purchased all of the unsold units of the condominium complex from the previous sponsor. In the absence of any excuse for its delay, and in light of the resulting prejudice to the plaintiff, the Supreme Court improvidently exercised its discretion in granting F & O leave to amend its answer (*see Pogue v Del Rosario,* 266 AD2d 525, 526 [1999]; *Romeo v Arrigo,* 254 AD2d 270 [1998]; *Clarkin v Staten Is. Univ. Hosp.,* 242 AD2d 552 [1997]; *cf. Lindner v Wilkerson,* 2 AD3d 500, 503 [2003]). Consequently, the Supreme Court should have found that F & O failed to meet its burden of showing that there were no disputed issues of fact with regard to the contract for the sale of the unit and the right of first refusal (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Standard Fed. Bank v Healy,* 7 AD3d 610 [2004]). Nevertheless, the plaintiff failed to demonstrate its entitlement to a preliminary injunction to prevent F & O from transferring or leasing the subject premises (*see* CPLR 6301; *Doe v Axelrod,* 73 NY2d 748, 750 [1988]; *Raanan v Tom's Triangle,* 303 AD2d 668 [2003]).

The plaintiff was entitled to summary judgment dismissing F & O's counterclaim alleging tortious interference with contract (*see Wiseman v Knaus,* 24 AD2d 869 [1965]). There was no evidence of a causal connection between any action of the plaintiff and the decision of the defendant Lorrie A. Dring not to conclude the purchase of the subject unit (*see Lama Holding Co. v Smith Barney,* 88 NY2d 413 [1996]; *Beecher v Feldstein,* 8 AD3d 597, 598 [2004]). Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.