In an action for a judgment declaring that the plaintiff is not obligated to provide coverage pursuant to an insurance policy for a certain loss allegedly sustained by the defendant, the defendant appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Dufficy, J.), dated June 7, 2013, as denied those branches of its cross motion which were, in effect, for summary judgment declaring that the plaintiff is not entitled to deny coverage based on its failure to provide a sworn proof of loss statement, and that the plaintiff is obligated to provide coverage pursuant to the insurance policy for the alleged loss, granted those branches of the plaintiff’s motion which were for summary judgment on the complaint and dismissing the counterclaims alleging tortious interference with contract and a violation of General Business Law § 349, and declared, in effect, that the plaintiff is not obligated to provide coverage pursuant to the insurance policy for the alleged loss.
Ordered that the order and judgment is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendant’s cross motion which was for summary judgment declaring that the plaintiff is not entitled to deny coverage based on the defendant’s failure to provide a sworn proof of loss statement, and substituting therefor a provision granting that branch of the cross motion, (2) by deleting the provision thereof granting that branch of the plaintiff’s motion which *857 was for summary judgment on the complaint, and substituting therefor a provision denying that branch of the motion, (3) by deleting the provision thereof declaring, in effect, that the plaintiff is not obligated to provide coverage pursuant to the insurance policy for the alleged loss, and (4) by adding a provision thereto declaring that the plaintiff is not entitled to deny coverage based on the defendant’s failure to provide a sworn proof of loss statement; as so modified, the order and judgment is affirmed, with costs to the defendant, and the matter is remitted to the Supreme Court, Queens County, for further proceedings and the entry of an appropriate amended judgment.
In August 2008, the plaintiff issued a “contractors’ equipment property insurance” policy to the defendant, which covered accidental loss or damage to equipment owned, leased, or rented by the defendant. During the term of the policy, the defendant notified the plaintiff of damage to an excavator which it had rented from the nonparty Hoffman Equipment, Inc. (hereinafter Hoffman). The plaintiff denied coverage based on the defendant’s failure to comply with a provision of the insurance policy requiring the defendant to send a sworn proof of loss statement within 60 days after the plaintiff’s request. Moreover, the plaintiff claimed that the defendant had breached a policy provision requiring it to cooperate with the plaintiff in the settlement of the claim.
In September 2010, the plaintiff commenced this action for a judgment declaring that it is not obligated to provide coverage pursuant to the insurance policy for the loss allegedly sustained by the defendant. The first cause of action sought a judgment declaring that the plaintiff was entitled to deny coverage based on the defendant’s failure to provide a sworn proof of loss statement. The second cause of action sought a judgment declaring that no coverage existed due to the defendant’s failure to cooperate in the settlement of the claim. Subsequently, the plaintiff moved for summary judgment on the complaint and dismissing the defendant’s counterclaims. The defendant cross-moved, inter alia, for summary judgment declaring that the plaintiff is obligated to provide coverage pursuant to the insurance policy for the alleged loss.
The Supreme Court should have denied that branch of the plaintiff’s motion which was for summary judgment on the first cause of action, which sought a judgment declaring that it was entitled to deny coverage based on the defendant’s failure to provide a sworn proof of loss statement, and granted that branch of the defendant’s cross motion which was for summary *858 judgment declaring that the plaintiff is not so entitled. Insurance Law § 3407 provides that an insured’s failure to furnish proof of loss to the insurer will not invalidate the insured’s claim under the insurance policy unless the insurer made a written demand for such proof of loss and provided the insured with “a suitable blank form or forms” (Insurance Law § 3407 [a]; see Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., 63 NY2d 201, 216 [1984]; Bailey v Nationwide Mut. Fire Ins. Co., 133 AD2d 915, 916 [1987]). Here, the plaintiff’s submissions, which were also relied upon by the defendant in support of its cross motion, established that the plaintiff did not provide the defendant with a blank proof of loss form, as required by Insurance Law § 3407 (a), but instead provided a form that had been filled in by the plaintiff’s claims adjuster with an amount considered inaccurate by the defendant (see Medical Facilities v Pryke, 172 AD2d 338 [1991]). Since it is undisputed that the plaintiff failed to provide the defendant with a blank proof of loss form, the plaintiff did not demonstrate its prima facie entitlement to judgment as a matter of law on its first cause of action. For the same reason, the defendant established, prima facie, that the plaintiff was not entitled to deny coverage based on the defendant’s failure to provide a sworn proof of loss statement, and the plaintiff failed to raise a triable issue of fact in opposition (see Ingarra v General Acc./PG Ins. Co. of N.Y., 273 AD2d 766, 767 [2000]; Medical Facilities v Pryke, 172 AD2d at 338; Bailey v Nationwide Mut. Fire Ins. Co., 133 AD2d at 916-917).
The Supreme Court also should have denied that branch of the plaintiff’s motion which was for summary judgment on the second cause of action, which sought a judgment declaring that it was not obligated to provide coverage for the alleged loss due to the defendant’s failure to cooperate in the settlement of the claim. However, it properly denied those branches of the defendant’s cross motion which were for summary judgment declaring that the plaintiff was obligated to provide coverage for the alleged loss. The evidence relied upon by the parties in support of their motions revealed the existence of triable issues of fact as to whether the plaintiff acted diligently in seeking the defendant’s cooperation in settling the claim, and whether the defendant’s refusal to settle for the amount proposed by the plaintiff was reasonable (see generally Matter of Lancaster v Incorporated Vil. of Freeport, 22 NY3d 30, 39 [2013]; West St. Props., LLC v American States Ins. Co., 124 AD3d 876, 879 [2015]; Emigrant Mtge. Co., Inc. v Washington Tit. Ins. Co., 78 AD3d 1112, 1114 [2010]). The existence of these triable issues of fact as to the defendant’s cooperation precludes the award of
*859 summary judgment in favor of either party with respect to the second cause of action and the requested declarations (see Emigrant Mtge. Co., Inc. v Washington Tit. Ins. Co., 78 AD3d at 1114).
The Supreme Court properly granted that branch of the plaintiff’s motion which was for summary judgment dismissing the defendant’s counterclaim alleging a violation of General Business Law § 349. The plaintiff established, prima facie, that the defendant based its counterclaim on a private contract dispute that is unique to the parties, rather than upon conduct that affects consumers at large (see Biancone v Bossi, 24 AD3d 582, 583 [2005]; Schunk v New York Cent. Mut. Fire Ins. Co., 237 AD2d 913, 915 [1997]; see also Security Mut. Life Ins. Co. of N.Y. v DiPasquale, 283 AD2d 182 [2001]; see generally New York Univ. v Continental Ins. Co., 87 NY2d 308, 321 [1995]; cf. North State Autobahn, Inc. v Progressive Ins. Group Co., 102 AD3d 5, 11-13 [2012]). The defendant failed to raise a triable issue of fact in opposition.
The Supreme Court also properly granted that branch of the plaintiff’s motion which was for summary judgment dismissing the defendant’s counterclaim alleging tortious interference with contract. The plaintiff made a prima facie showing that it did not tortiously interfere with the defendant’s contract with Hoffman, and the defendant failed to raise a triable issue of fact in opposition (see Pink v Half Moon Coop. Apts., S., Inc., 68 AD3d 739, 740 [2009]; ALD Holding Corp. v F & O Port Corp., 15 AD3d 508, 509 [2005]). Skelos, J.P., Dillon, Duffy and LaSalle, JJ., concur.