Cincinnati Terrace Member LLC v Tartar Krinsky & Drogin LLC

2026 NY Slip Op 02369

April 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Cincinnati Terrace Member LLC, et al., Appellants,

v

Tartar Krinsky & Drogin LLC, et al., Respondents.

Decided and Entered: April 21, 2026

Index No. 652629/24|Appeal No. 6420|Case No. 2025-02268|

Before: Renwick, P.J., Friedman, Gesmer, Pitt-Burke, Hagler, JJ.

Law Offices of Mario Biaggi, Jr., New York (Mario Biaggi, Jr. of counsel), for appellants.

Abrams Garfinkel Margolis & Bergson, LLP, New York (Robert J. Bergson of counsel), for Tartar Krinsky & Drogin LLC, and James Smith, respondents.

Archer & Greiner, P.C., New York (Anthony D. Dougherty of counsel), for Robbins Kelly Patterson & Tucker, Michael Galasso, Cincinnati Terrace Plaza LLC, Roys Poyiadjis and Harris Stasis, respondents.

[*1]

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered March 31, 2025, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Robbins Kelly Patterson & Tucker (RKPT), Michael Galasso, Cincinnati Terrace LLC, Roys Poyiadjis, and Harris Stasis to dismiss the remaining causes of action asserted against them, and granted the separate motion of defendants Tartar Krinsky & Drogin LLP (TKD) and James Smith to dismiss the remaining causes of action insofar as asserted against them, unanimously affirmed, without costs.

This action stems from an alleged fraudulent scheme in which defendants Poyiadjis and Stasis, acting through Cincinnati Terrace Plaza LLC (CTP), contracted to sell 15 West 6th Street in Cincinnati, Ohio (the Property) two times — first to nonparty Cincinnati Development III (Development) and ONE day later to plaintiff Cincinnati Terrace Member LLC (CTM) which then assigned it to Cincinnati Terrace Associates LLC (CTA). Plaintiff Slabaki is a 20% member of both CTM and CTA. To induce CTM/CTA's eleven million dollar purchase and plaintiff Slabakis's mortgaging of his New York property to finance the Property's purchase, defendants Poyiadjis, Stasis, CTP and their counsel Smith of TKD and Galasso of RKPT, allegedly represented that no prior contract existed.

The court properly concluded that it lacked general jurisdiction over defendants RKPT, Galasso, and Stasis. RKPT and Galasso were residents of, or had their principal place of business in, Ohio, and Stasis was a resident of Cyprus. Plaintiffs failed to allege facts sufficient to confer long-arm jurisdiction over those defendants, since they failed to present facts suggesting that those defendants purposefully availed themselves of the privilege of conducting business in New York (see Ford Motor Co. v Montana Eighth Jud. Dist. Ct., 592 US 351, 359-360 [2025]). Consummation of the subject real estate transaction required contact with New York residents, but there was no evidence that the contacts were anything but fortuitous or that those defendants anticipated being haled into court in New York.

We reject the remaining defendants' argument that the claims asserted against them were properly dismissed as time-barred under Ohio's four-year statute of limitations for fraud. Defendants contend that the four-year Ohio statute of limitations, which begins to run when the plaintiffs discovered or should have discovered the fraud in the exercise of due diligence, is applicable under a choice-of-law analysis. Defendants TKD and its Partner Smith also argue that the choice of law provision in the contract mandates the application of Ohio law. We disagree.

[*2]

The remaining defendants' analysis is flawed because under New York choice of law rules, matters of procedure are governed by the law of the forum (Eccles v Shamrock Capital Advisors, LLC, 42 NY3d 321, 335 [2024]). Thus, in an action pending in New York, the procedural law of New York applies, regardless of whatever substantive law governs the merits of the case. Because New York classifies the statute of limitations as procedural law -- its operation affects only the remedy, not the rights at issue -- the general rule is that New York's statute of limitations law applies to actions brought in New York (see Tanges v Heidelberg N. Am., 93 NY2d 48, 54-55 [1999]; Martin v Dierck Equip. Co., 43 NY2d 583, 588 [1978]).

CPLR 202 modifies this general rule when the claim accrued outside New York and the plaintiff was a nonresident at the time it accrued. In this case, however, plaintiffs are Delaware LLCs with their principal places of business in New York, and the individual plaintiff Slabakis is a New York resident as well. Additionally, "in the case of an economic injury, 'the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss'" (Deutsche Bank National Trust Co. v Barclay's Bank PLC, 34 NY3d 327, 331 [2019] quoting Global Fin. Corp., 93 NY2d 525, 529 [1999]).

The remaining defendants' reliance on the subject contract's inclusion of a choice of law provision that called for application of Ohio law is misplaced. The Court of Appeals has held that, in the absence of an express intention in an agreement that a specific statute of limitations is to apply to a dispute, a choice of law provision cannot be read to encompass that limitations period (see e.g. Portfolio Recovery Assoc., LLC v King, 14 NY3d 410, 416 [2010] ["there is a significant difference between a choice-of-law question, which is a matter of common law, and (a) Statute of Limitations issue, which is governed by particular terms of the CPLR"]; Royal Park Investments SA/NV v Stanley, 165 AD3d 460, 461 [1st Dept 2018] ["when parties include a choice-of-law provision in a contract, they intend application of only that state's substantive law." In other words, "[c]hoice of law provisions typically apply to only substantive issues"] [citations and internal quotation marks omitted]; see also Deutsche Bank Natl. Trust Co., 156 AD3d at 402-403). The choice-of-law provision here does not specifically call for the application of the Ohio statute of limitations. The reference to "without giving effect to any choice of law or conflict of law provision" is boilerplate and thus insufficient to encompass that statute of limitations period (see Baker v Greentech Capital Advisors LLP, 206 AD3d 422, 423 [1st Dept 2022] ["[a]s the choice-of-law provision in the partnership agreement does not expressly mention the application of the Delaware statute of limitations, the law of the forum state (New York) governs the limitations period"]).

[*3]

Thus, since it is undisputed that the fraud claims asserted against the remaining defendants were timely commenced within New York's six-year statute of limitations, they were not subject to dismissal as time-barred. Plaintiffs were on notice of nonparty Development's contract with defendant CTM no later than when the former entity commenced the Ohio action on August 7, 2018. Plaintiffs commenced this action on May 22, 2024, less than six years later.

Nevertheless, the fraud claims against the remaining defendants were properly dismissed for the reasons explained below. First, the fraud and abetting fraud claims asserted against TKD, its counsel Smith, and Poyiadjis were properly dismissed as insufficiently pled. The elements of a fraud claim are a misrepresentation or a material omission of fact, which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance by the other party on the misrepresentation or material omission, and injury (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178 [2011]; Lama Holding Co. v Smith Barney Inc., 88 NY2d 413, 421 [1996]).

If fraud is based on concealment or omission, there must be proof that defendant had a duty to disclose, as in a fiduciary relationship (see Mandarin Trading Ltd., 16 NY3d at 173-179; Kaufman v Cohen, 307 AD2d 113, 119-120 [1st Dept 2003]). In the absence of a fiduciary duty, a party may be liable for nondisclosure where it has special knowledge or information not attainable by plaintiff or when it has made a misleading partial disclosure (see Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 135 [1st Dept 2014]).

Here, the complaint did not state a fraud cause of action against defendants TKD and its partner Smith because they had no duty to disclose the contract with nonparty Development to plaintiffs. The attorney defendants were not alleged to have special knowledge or information not available to plaintiffs or to have made partial disclosures. Further, the attorneys were required to maintain their clients' confidence. Prior to the closing, plaintiffs learned from a newspaper article that the Property had already been sold; their alleged reliance on statements made by defendant CTP'S counsel was not reasonable in that they were on opposite sides of the transaction.

[*4]

Similarly, the complaint fails to state a fraud claim against defendant Poyiadjis because it did not allege specific false statements made by him. Plaintiffs failed to properly plead the underlying fraud claim against defendants TKD, its partner Smith, and Poyiadjis; thus the aiding and abetting fraud claims asserted against them must also fail, because to state a claim for aiding and abetting fraud, plaintiff must sufficiently allege the existence of the underlying fraud (see Simon v FrancInvest, S.A., 192 AD3d 565, 569 [1st Dept 2021], appeal dismissed 37 NY3d 1005 [2021]; Stanfield Offshore Leveraged Assets, Ltd. v Metro. Life Ins. Co., 64 AD3d 472, 476 [1st Dept 2009], lv denied 13 NY3d 709 [2009]).

With respect to defendant CTP, the fraud claim was properly dismissed as duplicative of the breach of contract cause of action asserted against it (see MBW Adv. Network, Inc. v Century Bus. Credit Corp., 173 AD2d 306, 306 [1st Dept 1991]). Generally, to recover damages for a tort in a contract action, plaintiff must plead a breach of duty distinct from or in addition to the breach of contract (see GoSmile, Inc. v Levine, 81 AD3d 77, 81 [1st Dept 2010], lv dismissed 17 NY3d 782 [2011]). Here, no such duty was pleaded.

Finally, the breach of contract claim asserted by plaintiff CTM against defendant Poyiadjis was properly dismissed because it is undisputed that Poyiadjis was not a signatory to the sale contract.

Because we conclude that the complaint was properly dismissed as against all defendants for the foregoing reasons, we need not reach plaintiffs' remaining arguments regarding, inter alia, issue and claim preclusion, judicial estoppel and standing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 21, 2026