■ Laszlo Gelencser, Respondent, v Orange County Publications, Division of Ottaway Newspapers, Inc., et al., Appellants, et al., Defendant.—In an action to recover damages for libel and slander, the appeal is from so much of an order of the Supreme Court, Orange County (Rubenfeld, J.), dated December 20, 1984, as granted plaintiff leave to replead the first and fourth causes of action asserted in the complaint and denied, in part, that branch of appellants' motion which was for summary judgment dismissing the second cause of action.

Order affirmed, insofar as appealed from, with costs.

This action involves three newspaper articles written by defendant Levine, concerning a mother's efforts to protect her three-year-old daughter from sexual abuse by her father. The first two articles used only a fictional name. However, the third article used the name of the child's mother and described her preparation for and testimony at a New York State Senate-Assembly hearing on child abuse. The article also stated that after she "told her story in this column, the county's Child Protective Services got into the act" and charged the father with first degree sexual abuse. The first and second articles, by themselves, contained nothing which would permit a finding that they were "of and concerning" plaintiff, a requirement for a cause of action sounding in libel (see, Springer v Viking Press, 90 AD2d 315, affd 60 NY2d 916). However, the subsequent publication by the same defendant established an identifying link through the third article, which used plaintiff's former wife's name and referred to and incorporated the earlier articles (see, Van Ingen v Mail & Express Pub. Co., 156 NY 376; see also, Bruno v New York Daily News Co., 89 AD2d 260). Moreover, that part of the third article which incorporated the two previous articles was not privileged, since that portion was not a report of a legislative or other official proceeding (see, Holy Spirit Assn. v New York Times Co., 49 NY2d 63). Therefore, plaintiff was correctly granted leave to replead the first and fourth causes of action so as to include the third article as part of those causes of action, and summary judgment dismissing the second cause of action in its entirety was properly denied. Gibbons, J. P., Bracken, Rubin and Kunzeman, JJ., concur.