■ SCHUCKMAN REALTY, INC., et al., Appellants-Respondents, v PETER COSENTINO et al., Respondents-Appellants, HOME DEPOT USA, INC., Respondent, et al., Defendants. [742 NYS2d 567] —In an action to recover real estate brokerage commissions and damages for tortious interference with a contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated March 9, 2001, as granted the motion of the defendant Home Depot USA, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and the defendants Peter Cosentino and P.J. Venture cross-appeal from so much of the same order as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the cross appeal is dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Home Depot USA, Inc.

To establish a valid cause of action to recover damages for tortious interference with a contract, a plaintiff must establish the following four elements: (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional procurement of the third party's breach of that contract; and (4) damages to the plaintiff (*see Lama Holding Co. v Smith Barney,* 88 NY2d 413, 424; *Kronos, Inc. v AVX Corp.,* 81 NY2d 90, 94; *Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 189-190).

The defendant Home Depot USA, Inc. (hereinafter Home Depot), submitted sufficient proof establishing its entitlement to judgment dismissing the complaint insofar as asserted

against it by presenting an affidavit of its director of real estate which averred that Home Depot did not intentionally seek the procurement of a breach of contract. In opposition, the plaintiffs failed to present sufficient evidence to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557).

The plaintiffs' remaining contention is without merit. Ritter, J.P., Feuerstein, Goldstein and Cozier, JJ., concur.