■ EDWARD HEFFNER et al., Plaintiffs, v STAR FARM ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendant. PAIVA & DIFAIO, Third-Party Defendant-Appellant. [757 NYS2d 467] —In an action, inter alia, to recover damages for breach of contract, negligence, and malpractice, the third-party defendant appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered July 1, 2002, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint and granted the cross motion of the third-party plaintiffs for leave to amend the third-party complaint to interpose a claim for contribution.

Ordered that the order is affirmed, with costs.

Accepting the allegations of the third-party complaint as true and according the respondents the benefit of every favorable inference to be drawn therefrom, the complaint adequately pleads a claim for indemnity (*see Leon v Martinez,* 84 NY2d 83 [1994]; *17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am.,* 259 AD2d 75 [1999]; *County of Westchester v Welton Becket Assoc.,* 102 AD2d 34 [1984], *affd* 66 NY2d 642 [1985]). Further, contrary to the appellant's contention, the proposed amendment of the third-party complaint to interpose a claim for contribution is not patently lacking in merit (*see Crimmins Contr. Co. v City of New York,* 74 NY2d 166 [1989]; *Board of Educ. of City of N.Y. v Mars Assoc.,* 133 AD2d 800 [1987]; *Robinson Redevelopment Co. v Anderson,* 155 AD2d 755 [1989]). Thus, the Supreme Court properly permitted the amendment (*see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York,*

60 NY2d 957 [1983]). Prudenti, P.J., Ritter, Feuerstein and Adams, JJ., concur.