■ GEORGE BILLIS, Appellant, v DINKES & SCHWITZER et al., Respondents, et al., Defendants. [817 NYS2d 257]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered May 11, 2005, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The complaint, alleging legal malpractice in the handling of an action to recover for injuries allegedly sustained in an automobile accident, was properly dismissed. In light of plaintiff's admissions and the testimony of his treating physician to the effect that he had not sustained serious injuries in the subject accident, it is plain that plaintiff could not have made the threshold showing of serious injury upon which recovery in the personal injury action was conditioned (*see* Insurance Law § 5102 [d]) and, accordingly, that he cannot establish that but for the alleged malpractice the action would have had a favorable outcome (*see Parker Chapin Flattau & Klimpl v Daelen Corp.*, 59 AD2d 375, 379 [1977]). Indeed, the conclusion that there is no causal nexus between the alleged malpractice and any legally cognizable injury is further dictated by the circumstance that the record discloses a prolonged gap in treatment for the injuries purportedly sustained in the accident for which plaintiff and his doctors offer no explanation (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Colon v Kempner*, 20 AD3d 372, 374 [2005]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Nardelli, Gonzalez and Catterson, JJ.