EDWARD MANFREDONIA, Appellant, v GARY WEISS et al., Respondents, et al., Defendant. [829 NYS2d 508]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered January 4, 2006, which granted the motion for summary judgment dismissing the complaint as to McGraw-Hill and its affiliated individual defendants, unanimously affirmed, without costs.

The "McGraw-Hill defendants" submitted evidence that the allegedly defamatory article by defendant Weiss, entitled "Offering Credence to the Crank," was published in 2000. This action was commenced in 2004, and plaintiff failed to refute the defense of untimeliness with respect to the "Crank" article (CPLR 215 [3]; *see Firth v State of New York*, 287 AD2d 771, 772 [2001], *affd* 98 NY2d 365 [2002]).

In any event, defamation is the making of a false statement that "tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society" (*Sydney v MacFadden Newspaper Publ. Corp.*, 242 NY 208, 211-212 [1926]). The complained of language was either true, as admitted by plaintiff, did not subject him to public ridicule, or constituted unactionable opinion (*see Silverman v Clark*, 35 AD3d 1, 14-16 [2006]). Nei-

ther the police complaint nor the "cease and desist" letter, of which plaintiff complains, contained defamatory language.

To establish a cause of action for malicious prosecution, plaintiff is required to show four elements: commencement of a criminal proceeding by defendant against plaintiff, termination of the proceeding in favor of the accused, lack of probable cause for the proceeding, and malice (*Broughton v State of New York*, 37 NY2d 451, 457 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]). Nothing in this record suggests, beyond mere conclusions and speculation, that the McGraw-Hill defendants lacked probable cause to initiate the criminal proceeding, or acted with malice in doing so (*see Vail-Ballou Press v Tomasky*, 266 AD2d 662, 664 [1999]). Concur—Nardelli, J.P., Williams, Buckley, Catterson and McGuire, JJ.