IRENE SALVATORE et al., Appellants-Respondents, v SANJAY KUMAR et al., Respondents, and KAYE SCHOLER, LLP, et al., Respondents-Appellants. [845 NYS2d 384]—

In an action, inter alia, to recover damages for wrongful termination of employment, defamation, and legal malpractice, (1) the plaintiffs appeal, as limited by their brief, from (a) so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated April 18, 2006, as granted the separate motions of the defendants Sanjay Kumar and Computer Associates International, Inc., to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7), (b) so much of a judgment of the same court entered June 21, 2006, as, upon the order dated April 18, 2006, dismissed the complaint insofar as asserted against the defendants Sanjay Kumar and Computer Associates International, Inc., and (c) so much of an order of the same court dated January 3, 2007, as denied their motion for leave to renew their opposition to the motions of the defendants Sanjay Kumar and Computer Associates International, Inc., to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7), and (2) the defendants Kaye Scholer, LLP, and Jane W. Parver cross-appeal from (a) so much of the order dated April 18, 2006, as denied their motion to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7), and (b) so much of the order of the

same court dated January 3, 2007, as denied their motion for leave to renew and reargue their motion to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7).

Ordered that the plaintiffs' appeal from the order dated April 18, 2006, is dismissed; and it is further,

Ordered that the appeal by the defendants Kaye Scholer, LLP, and Jane W. Parver from so much of the order dated January 3, 2007, as denied that branch of their motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order dated January 3, 2007 is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Kaye Scholer, LLP, and Jane W. Parver which was for leave to renew their motion to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7), and substituting therefor a provision granting that branch of the motion, and upon renewal, granting the motion of the defendants Kaye Scholer, LLP, and Jane W. Parver to dismiss the complaint insofar as asserted against them; as so modified, the order dated January 3, 2007 is affirmed insofar as reviewed, and the order dated April 18, 2006 is modified accordingly; and it is further,

Ordered that the cross appeal by the defendants Kaye Scholer, LLP, and Jane W. Parver from the order dated April 18, 2006 is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the defendants Sanjay Kumar, Computer Associates International, Inc., Kaye Scholer, LLP, and Jane W. Parver, payable by the plaintiffs.

The plaintiffs' appeal from the order dated April 18, 2006 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment dismissing the action insofar as asserted Sanjay Kumar and Computer Associates International, Inc. (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs Irene Salvatore, Andrew Press, and Brian A. Wright, are former employees of the defendant Computer Associates International, Inc. (hereinafter CA). Their employment with CA was terminated in or about April 2004. The complaint alleges that the termination occurred following interviews with

the plaintiffs by attorneys working for CA who were conducting an internal investigation regarding internal accounting practices at CA. CA's accounting practices were the subject of an investigation by several law enforcement authorities, including the United States Attorney's Office for the Eastern District of New York, which later resulted in various criminal prosecutions and convictions, including the guilty plea to securities fraud by the defendant Sanjay Kumar, CA's former Chief Executive Officer.

According to the complaint, the plaintiffs were working in CA's accounting department and participated in the accounting practices at issue. After having been interviewed several times in the context of CA's internal investigation, during which time the plaintiff Irene Salvatore admitted to her participation in the accounting practices at issue, Salvatore retained the defendant Jane W. Parver, Esq. from the defendant law firm Kaye Scholer, LLP (hereinafter Kaye Scholer), to represent her in the context of the investigation, after CA suggested that she retain counsel and offered to pay her legal fees. Kaye Scholer represented Salvatore during her fourth and final interview, and was paid by CA. The retainer letter agreement, signed by Salvatore and Kaye Scholer, plainly revealed this payment arrangement.

Following their termination, the plaintiffs commenced this action, alleging that they were defamed by Kumar and CA when CA published its 2004 Annual Report (hereinafter the Report) which included statements regarding the internal investigation of the accounting practices at issue. The plaintiffs also alleged that they were wrongfully terminated without just cause or reason, that CA promised them continued employment as well as bonuses, additional compensation, and other benefits if they continued to comply with CA's orders, that they relied upon these promises to their detriment, and that CA and Kumar conspired to defame and wrongfully terminate them, which caused them to lose benefits and suffer harm to their professional reputations. The plaintiffs also asserted a cause of action sounding in legal malpractice against Kaye Scholer and Parver, alleging that they gave erroneous and incorrect legal advice to Salvatore and that but for this advice, she would not have been defamed or wrongfully terminated. Kaye Scholer and Parver together moved, and CA and Kumar each separately moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against each of them. The Supreme Court granted CA's and Kumar's motions, and denied Kaye Scholer's and Parver's motion.

Upon a motion to dismiss for failure to state a cause of action

under CPLR 3211 (a) (7), the court must determine whether from the four corners of the pleading "factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*Morad v Morad,* 27 AD3d 626, 627 [2006] [internal quotation marks omitted]). Further, the pleading is to be afforded a liberal construction, the facts alleged in the complaint accepted as true, and the plaintiffs accorded the benefit of every possible favorable inference (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]). However, "[w]hile the allegations in the complaint are to be accepted as true when considering a motion to dismiss . . . , 'allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration' " (*Garber v Board of Trustees of State Univ. of N.Y.,* 38 AD3d 833, 834 [2007], quoting *Maas v Cornell Univ.,* 94 NY2d 87, 91 [1999]).

The plaintiffs contend that their cause of action to recover damages for defamation against Kumar and CA was improperly dismissed. We disagree. The elements of a cause of action for defamation are a "false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se" (*Dillon v City of New York,* 261 AD2d 34, 38 [1999]). The cause of action alleging defamation was properly dismissed insofar as asserted as against Kumar because the allegedly defamatory statement was contained in a CA publication issued after Kumar's resignation from the company and, therefore, the plaintiffs cannot allege that the statement came from him. The cause of action was properly dismissed insofar as asserted against both Kumar and CA because the allegedly defamatory statement was true (*see Manfredonia v Weiss,* 37 AD3d 286 [2007]; *Silver v Mohasco Corp.,* 94 AD2d 820, 822 [1983], *affd* 62 NY2d 741 [1984]). In any event, the plaintiffs failed to show that readers of the Report, which does not identify them by name but instead refers generally to certain "executives and personnel" would be able to discern from the facts referred to in the Report that any defamatory statements were "of and concerning" them (*Springer v Viking Press,* 60 NY2d 916, 917 [1983]; *see Gelencser v Orange County Publ., Div. of Ottaway Newspapers,* 116 AD2d 696 [1986]). Moreover, the qualified privilege applies (*cf. Rosenberg v MetLife, Inc.,* 8 NY3d 359, 365, 368 [2007]).

"New York does not recognize civil conspiracy to commit a tort as an independent cause of action" (*Pappas v Passias,* 271 AD2d 420, 421 [2000]). Such a claim stands or falls with the

underlying tort (*see Sokol v Addison,* 293 AD2d 600, 601 [2002]). Thus, as all of the other underlying causes of action were properly dismissed, the cause of action to recover damages based on civil conspiracy was also properly dismissed (*see Ward v City of New York,* 15 AD3d 392, 393 [2005]).

The defendants Kaye Scholer and Parver correctly contend that, inasmuch as they were never retained by the plaintiffs Wright and Press, the complaint should have been dismissed insofar as asserted against them by those two plaintiffs (*see Moran v Hurst,* 32 AD3d 909, 910-911 [2006]).

Further, the defendants Kaye Scholer and Parver also correctly contend that the Supreme Court erred in denying that branch of their motion which was for leave to renew their motion to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7), based on the dismissal of the underlying causes of action alleging defamation, wrongful termination, promissory estoppel, and civil conspiracy. We agree with the contention of Kaye Scholer and Parver that dismissal of the underlying causes of action requires dismissal of the legal malpractice claim asserted against them. With the dismissal of those causes action, the plaintiff Salvatore cannot allege that "but for" Kaye Scholer's and Parver's alleged legal malpractice, Salvatore was wrongfully terminated and defamed and, therefore, cannot allege a legally cognizable injury (*see Billis v Dinkes & Schwitzer,* 30 AD3d 260 [2006]; *Lauer v Rapp,* 190 AD2d 778, 779 [1993]; *see generally Bauza v Livington,* 40 AD3d 791, 793 [2007]).

The Supreme Court should have dismissed the claims for punitive and treble damages (*see Goldfarb v Schwartz,* 26 AD3d 462, 464 [2006]; *Kaiser v Van Houten,* 12 AD3d 1012, 1015 [2004]).

The plaintiffs' remaining contentions are without merit. Crane, J.P., Goldstein, Florio and Dillon, JJ., concur. [*See* 12 Misc 3d 1157(A), 2006 NY Slip Op 50946(U) (2006).]