■ DOME PROPERTY MANAGEMENT, INC., Respondent, v BARBARA BARBARIA et al., Appellants. [850 NYS2d 208]—

In an action to recover damages for tortious interference with contract, the defendant T.W. Finnerty Property Management, Inc., appeals from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated April 10, 2006, as denied those branches of its motion which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against it, and the defendants Barbara Barbaria, Jeffrey Daurio, James Wilson, Joseph Russiello, and Marilyn Alexander separately appeal from the same order.

Ordered that the appeal by the defendants Barbara Barbaria, Jeffrey Daurio, James Wilson, Joseph Russiello, and Marilyn Alexander is dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant T.W. Finnerty Property Management, Inc., on the law, and that branch of the motion of the defendant T.W. Finnerty Property Management, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is granted and the branch of the motion which was pursuant to CPLR 3211 (a) (7) is denied as academic; and it is further,

Ordered that one bill of costs is awarded to the defendant T.W. Finnerty Property Management, Inc., payable by the plaintiff.

In order to succeed on a cause of action to recover damages for tortious interference with contract, the plaintiff must establish, inter alia, the existence of a valid contract between it and a third party, and that the defendant intentionally procured the third party's breach of that contract without justification (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]; *Beecher v Feldstein*, 8 AD3d 597, 598 [2004]). Here, the defendant T.W. Finnerty Property Management, Inc. (hereinafter Finnerty), made a prima facie showing of its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), by demonstrating that it did not intentionally procure a breach of the subject contract (*see Schuckman Realty v Cosentino*, 294 AD2d 484, 484-485 [2002]). Since, in opposition, the plaintiff failed to raise a triable issue of

fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324), the Supreme Court should have granted that branch of Finnerty's motion which was for summary judgment dismissing the complaint insofar as asserted against it (*see Spencer v Green*, 42 AD3d 521, 523 [2007]; *Whitman Realty Group, Inc. v Galano*, 41 AD3d 590, 593 [2007]; *ALD Holding Corp. v F & O Port Corp.*, 15 AD3d 508, 509 [2005]). Mastro, J.P., Dillon, Covello and Angiolillo, JJ., concur.