■ DELFINO INSULATION Co., INC., Appellant, v JOHN J. JA-WOROWSKI et al., Respondents. [865 NYS2d 353]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (R. Doyle, J.), entered May 11, 2007, which denied its motion for summary judgment on the complaint and granted the cross motion of the defendant Jack Hunter, individually and doing business as Hunter Insulation, for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for breach of contract against its former employee John J. Jaworowski for his alleged breach of a noncompete agreement (hereinafter the agreement) which prohibited Jaworowski from seeking similar employment for a period of three years after leaving the plaintiff's employ and "within a seventy-five (75) mile radius of the business location of any branch . . . of [the plaintiff] in the Long Island, New York region." The complaint also named as a defendant Jack Hunter, individually and doing business as Hunter Installation (hereinafter Hunter), the company which hired Jaworowski approximately 2½ years after he left the plaintiff's employ.

The Supreme Court correctly concluded that the plaintiff failed to prove its prima facie entitlement to judgment as a matter of law with respect to that branch of its motion which was for summary judgment on the complaint insofar as asserted against Jaworowski (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). The plaintiff failed to demonstrate that Jaworowski breached the geographical limitation of the agreement, or that the restraint on employment imposed by the agreement was "no greater than is required for the protection of [its] legitimate interest" (BDO Seidman v Hirshberg, 93 NY2d 382, 388 [1999]). Nor did the plaintiff make a showing that Jaworowski's services were unique and extraordinary, that the information in question constituted trade secrets or confidential customer information, or that it sustained any dam-

ages as a result of Jaworowski's alleged breach of the agreement (*see Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496 [1977]; *Trans-Continental Credit & Collection Corp. v Foti,* 270 AD2d 250 [2000]; *see also Reed, Roberts Assoc. v Strauman,* 40 NY2d 303 [1976]; *Elite Promotional Mktg., Inc. v Stumacher,* 8 AD3d 525, 526 [2004]). Accordingly, the plaintiff was not entitled to summary judgment regardless of the sufficiency of Jaworowski's opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

The court also properly granted Hunter's cross motion for summary judgment dismissing the complaint insofar as asserted against him and properly denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Hunter. Inasmuch as it is undisputed that there was no contract between the plaintiff and Hunter, there can be no cognizable cause of action to recover damages for breach of contract, the only claim which the complaint asserts against him. Moreover, to the extent that the complaint can be read to assert a cause of action against Hunter for tortious interference with contractual relations, Hunter made a prima facie showing of his entitlement to judgment as a matter of law by demonstrating that he had no knowledge of the agreement between Jaworowski and the plaintiff when he hired Jaworowski and, thus, could not have intentionally procured the breach thereof (*see Dome Prop. Mgt., Inc. v Barbaria,* 47 AD3d 870 [2008]; *Schuckman Realty v Cosentino,* 294 AD2d 484 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact. Lifson, J.P., Ritter, Miller and Balkin, JJ., concur.