HEBREW INSTITUTE FOR THE DEAF AND EXCEPTIONAL CHILDREN, Respondent, v ABRAHAM M. KAHANA et al., Defendants, and DAVID NEIDERMAN, Appellant. [870 NYS2d 85]—

"To dismiss a cause of action pursuant to CPLR 3211 (a) (5), on the ground that it is barred by the Statute of Limitations, a defendant bears the initial burden of establishing prima facie that the time in which to sue has expired" (*Sabadie v Burke,* 47 AD3d 913, 914 [2008] [citation and internal quotation marks omitted]). If the movant meets this burden, the burden then shifts to the plaintiff to "aver evidentiary facts establishing that the case falls within an exception to the Statute of Limitations" (*Savarese v Shatz,* 273 AD2d 219, 220 [2000] [citations and internal quotation marks omitted]; *see Texeria v BAB Nuclear Radiology, P.C.,* 43 AD3d 403, 405 [2007]). Here, the defendant David Neiderman (hereinafter the appellant), established, prima

facie, that the causes of action alleging conversion and aiding and abetting conversion were time-barred. The plaintiff failed to meet its burden in opposition. Its contention that the subject causes of action were timely interposed against the appellant pursuant to CPLR 205 (a) is without merit (*see Gem Flooring v Kings Park Indus.*, 5 AD3d 542, 543-544 [2004]; *Meneely v Hitachi Seiki USA*, 175 AD2d 111, 112-113 [1991]; *Bishop v Uno Pizza*, 188 Misc 2d 142, 144-145 [2001]). Accordingly, upon renewal and reargument, the Supreme Court should have granted that branch of the appellant's motion which was to dismiss the causes of action alleging conversion and aiding and abetting conversion insofar as asserted against him as time-barred pursuant to CPLR 3211 (a) (5).

The only remaining cause of action asserted against the appellant alleged civil conspiracy to commit conversion. New York does not recognize civil conspiracy to commit a tort as an independent cause of action (*see Salvatore v Kumar*, 45 AD3d 560, 563 [2007]); rather, such a claim stands or falls with the underlying tort (*see Salvatore v Kumar*, 45 AD3d at 563-564). Since its viability in this case was derivative of the underlying tort of conversion, and the latter claim must be dismissed, the civil conspiracy claim insofar as asserted against the appellant also should have been dismissed.

In light of our determination, we need not reach the parties' remaining contentions. Mastro, J.P., Miller, Balkin and McCarthy, JJ., concur.