In an action, inter alia, to recover damages for tortious interference with contract and unjust enrichment, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated April 24, 2009, as granted that branch of the motion of the defendants Dynamic Currency Conversion, Inc., and Mark A. Silver-man which was for summary judgment dismissing the first and second causes of action to recover damages for tortious interference with contract insofar as asserted against them, and (2) from an order of the same court dated September 8, 2009, which granted the defendants’ motion for summary judgment dismissing the fifth cause of action to recover damages for unjust enrichment.
Ordered that the order dated April 24, 2009, is affirmed insofar as appealed from; and it is further,
Ordered the order dated September 8, 2009, is affirmed; and it is further,
Ordered that one bill of costs is awarded to the defendants.
To prevail on a cause of action alleging tortious interference with an existing contract, the plaintiff must establish the existence of a valid contract between it and a third party, the defendants’ knowledge of that contract, the defendants’ intentional procurement of the third party’s breach of that contract without justification, and damages (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]; Pink v Half Moon Coop. Apts., S., Inc., 68 AD3d 739, 740 [2009]). Here, the defendant Dynamic Currency Conversion, Inc., made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that it did not intentionally procure a breach of the subject contract (see Dome Prop. Mgt., Inc. v Barbaria, 47 AD3d 870 [2008]; Schuckman Realty v Cosentino, 294 AD2d 484 [2002]). The defendant Mark A. Silverman also made a prima facie showing of his entitlement to judgment as a matter of law by demonstrating that he was acting, at all times, on behalf of his principal and within the scope of his authority (see Manti’s Transp., Inc. v C.T. Lines, Inc., 68 AD3d 937, 941 [2009]; Lutz v Caracappa, 35 AD3d 673, 674 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted that branch of the motion of *516 the defendants Dynamic Currency Conversion, Inc., and Silver-man which was for summary judgment dismissing the first and second causes of action to recover damages for tortious interference with contract insofar as asserted against them.
Additionally, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the fifth cause of action to recover damages for unjust enrichment. The defendants made a prima facie showing that they were not unjustly enriched at the expense of the plaintiffs (see Old Republic Natl. Tit. Ins. Co. v Luft, 52 AD3d 491 [2008]), and the plaintiffs failed to raise a triable issue of fact in opposition (see Alvarez v Prospect Hosp., 68 NY2d at 324). Covello, J.P., Angiolillo, Leventhal and Belen, JJ., concur. [Prior Case History: 2009 NY Slip Op 30987(U).]