In an action, inter alia, to quiet title pursuant to RPAPL 1501 and to recover damages for aiding and abetting conversion, the defendant McNamara & Zeh, PC., appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated December 5, 2008, which (1) denied that branch of its motion which was pursuant to CPLR 3211 (a) (7) and CPLR 3016 (b) to dismiss the amended complaint insofar as asserted against it, (2) denied that branch of its motion which was pursuant to CPLR 3211 (a) (7) to, in effect, dismiss the cross claims of the defendants Premium Capital Funding, LLC, doing business as TopDot Mortgage, and Countrywide Bank FSB, insofar as asserted against it for contribution and/or indemnification, and (3) granted the cross motion of the defendants Joy Igoni, Premium Capital Funding, LLC, doing business as TopDot Mortgage, and Countrywide Bank, FSB, for leave to amend their answer to assert cross claims on behalf of the defendants Premium Capital Funding, LLC, doing business as TopDot Mortgage, and Countrywide Bank, FSB, against it alleging breach of fiduciary duty.
Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendant McNamara & Zeh, P.C., which was to dismiss the amended complaint insofar as asserted against it and substituting therefor a provision granting that branch of the motion, and (2) by adding thereto a provision converting the cross claims of the defendants Premium Capital Funding, LLC, doing business as TopDot Mortgage, and Countrywide Bank FSB, asserted *944 against the defendant McNamara & Zeh, EC., into a third-party action; as so modified, the order is affirmed, with one bill of costs to the defendant McNamara & Zeh, EC., payable by the plaintiff, and one bill of costs to the defendants Premium Capital Funding, LLC, doing business as TopDot Mortgage, and Countrywide Bank FSB, payable by the defendant McNamara & Zeh, EC.
The plaintiff owned property located at 1137 Blake Avenue in Brooklyn (hereinafter the property) since July 1982. An allegedly forged deed was recorded on October 22, 2002, in the office of the City Register for Kings County transferring title of the property from Louis Johnson and Matthew Smith, claiming to be the sole heirs of the plaintiff, to the defendant 1137 Blake Ave., LLC (hereinafter the LLC). The plaintiff alleges that she never conveyed title of the property to Johnson or Smith.
Thereafter, on or about July 30, 2007, the LLC conveyed title to the property to the defendant Joy Igoni for the purchase price of $600,000. The defendant McNamara & Zeh, EC. (hereinafter M&Z), acted as the settlement agent on behalf of the defendant Premium Capital Funding, LLC, doing business as TopDot Mortgage (hereinafter Premium), which provided two loans to Igoni to purchase the property, totaling $570,000, secured by two mortgages. Premium assigned its interest in one of the mortgages in the sum of $480,000 to the defendant Countrywide Bank FSB (hereinafter Countrywide) in March 2008.
The plaintiff commenced this action seeking, among other rélief, to quiet title to the property in her name and to recover damages for aiding and abetting a conversion of equity in her real property. Igoni, Premium, and Countrywide filed an answer to an amended complaint including cross claims asserted against M&Z for contribution and/or indemnification. Subsequently, M&Z moved to dismiss the amended complaint insofar as asserted against it, inter alia, pursuant to CPLR 3211 (a) (7) for failure to state a cause of action and also pursuant to CPLR 3211 (a) (7) to dismiss the cross claims asserted by Igoni, Premium, and Countrywide against it for failure to state a cause of action. Thereafter, Igoni, Premium, and Countrywide cross-moved for leave to amend their answer, to add cross claims alleging breach of fiduciary duty on behalf of Premium and Countrywide against M&Z. Igoni withdrew her cross claim against M&Z for contribution and/or indemnification. The Supreme Court denied M&Z’s motion to dismiss in its entirety and granted the cross motion of Igoni, Premium, and Countrywide.
*945 “In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the facts pleaded are presumed to be true, and the court must afford those allegations every favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory” (Sitar v Sitar, 50 AD3d 667, 669 [2008]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Hallman v Kantor, 72 AD3d 895 [2010]; Pacific Carlton Dev. Corp. v 752 Pac., LLC, 62 AD3d 677, 679 [2009]; Dinerman v Jewish Bd. of Family & Children’s Servs., Inc., 55 AD3d 530 [2008]).
The plaintiff contends that the only cause of action asserted against M&Z in the amended complaint was one to recover damages for aiding and abetting conversion of equity in her real property. “A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person’s right of possession” (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50 [2006]; see State of New York v Seventh Regiment Fund, 98 NY2d 249, 259 [2002]). “New York law permits a claim for aiding and abetting conversion” (Dangerfield v Merrill Lynch, Pierce, Fenner & Smith, Inc., 2006 WL 335357, *5, 2006 NY US Dist LEXIS 7761, *17 [2006]; see Sheroffv Dreyfus Corp., 50 AD3d 877, 878 [2008]). However, New York does not recognize civil conspiracy to commit a tort, including conversion, as an independent cause of action (see Hebrew Inst, for Deaf & Exceptional Children v Kahana, 57 AD3d 734, 735 [2008]; Salvatore v Kumar, 45 AD3d 560, 563 [2007]). Accordingly, a claim alleging conspiracy to commit a tort stands or falls with the underlying tort (see Hebrew Inst, for Deaf & Exceptional Children v Kahana, 57 AD3d at 735).
The Supreme Court erred in denying that branch of M&Z’s motion which was to dismiss the amended complaint insofar as asserted against it. The plaintiff failed to plead a valid cause of action sounding in conversion since “[a]n action sounding in conversion does not lie where the property involved is real property” (Garelick v Carmel, 141 AD2d 501, 502 [1988]; see Seidman v Industrial Recycling Props., Inc., 71 AD3d 1117 [2010]; Boll v Town of Kinderhook, 99 AD2d 898, 899 [1984]). Accordingly, the cause of action asserted against M&Z for aiding and abetting conversion of equity in real property must be dismissed since “such a claim stands or falls with the underlying tort” (Hebrew Inst, for Deaf & Exceptional Children v Kahana, 57 AD3d at 735; Salvatore v Kumar, 45 AD3d at 563).
The Supreme Court properly denied that branch of M&Z’s motion which was, in effect, to dismiss the cross claims asserted by Premium and Countrywide against it for contribution and/or *946 indemnification. Accepting the allegations of the cross claims as true and according Premium and Countywide the benefit of every favorable inference to be drawn therefrom (see Leon v Martinez, 84 NY2d at 87-88), they adequately pleaded cross claims for contribution and indemnity (see Heffner v Star Farm Assoc., 304 AD2d 525 [2003]; Power Test Petroleum Distribs. v Northville Indus. Corp., 114 AD2d 405, 406 [1985]).
Furthermore, the Supreme Court providently exercised its discretion in granting Igoni, Premium, and Countrywide leave to amend their answer to add cross claims on behalf of Premium and Countrywide against M&Z to recover damages for breach of fiduciary duty. Leave to amend a pleading shall be freely given (see CPLR 3025 [b]), and the decision whether to grant such leave is generally left to the sound discretion of the Supreme Court (see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]). The newly-asserted cross claims were not “palpably insufficient or patently devoid of merit” (Lucido v Mancuso, 49 AD3d 220, 222 [2008]; see DeMato v Mallin, 68 AD3d 711, 712 [2009]), and the proposed amendment would not cause prejudice or surprise (see Board of Mgrs. of Park Regent Condominium v Park Regent Assoc., 71 AD3d 1070, 1071 [2010]). Rivera, J.P., Covello, Balkin and Hall, JJ., concur.