■ BARNS & FARMS REALTY, LLC, Appellant, v JAMES NOVELLI et al., Respondents. [917 NYS2d 691]—

The plaintiff commenced the instant action, inter alia, to recover a real estate broker's commission. The plaintiff alleged that the defendants James Novelli and Michele Bouchard had entered into agreements which gave the plaintiff the exclusive right to sell a certain parcel of real property during a one-year period. The plaintiff alleged that during this one-year period Novelli and Bouchard sold the real property to the defendant Kinsey Haight Hill, LLC (hereinafter KHH), and failed to pay the plaintiff a commission. The first two causes of action, alleging breach of contract and fraud, respectively, were asserted against Novelli and Bouchard. The third cause of action, alleging tortious interference with an existing contractual relationship, was asserted against KHH, Clinton I. Smullyan, Jr., who, apparently acting on behalf of KHH, negotiated and agreed to the purchase of the real property, and Smullyan's wife, Catherine E. Kinsey. The fourth cause of action, alleging "fraudulent conspiracy," was asserted against all of the defendants.

The plaintiff moved for leave to enter a judgment against Novelli and Bouchard upon their default in appearing or answering the complaint. KHH, Smullyan, and Kinsey moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, inter alia, denied the plaintiff's motion and granted the motion of KHH, Smullyan, and Kinsey.

Under the particular circumstances of this case, the Supreme Court properly declined to enter a default judgment against Novelli and Bouchard (*see Parrotta v Wolgin*, 245 AD2d 872, 873 [1997]; *Meyer v A & B Am.*, 160 AD2d 688 [1990]; *General Elec. Credit Corp. v Zemrus*, 115 AD2d 953 [1985]; *Cohen v Ryan*, 34 AD2d 789, 790 [1970]).

"[T]o succeed on a cause of action alleging tortious interference with an existing contract, the plaintiff must establish: (1) the existence of a valid contract between it and a third party, (2) the defendants' knowledge of that contract, (3) the defendants' intentional procurement of the third party's breach of that contract without justification, and (4) damages" (*Pink v Half Moon Coop. Apts., S., Inc.*, 68 AD3d 739, 740 [2009]; *see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]; *Foster v Churchill*, 87 NY2d 744, 749-750 [1996]). Here, the evidence

proffered by KHH, Smullyan, and Kinsey, including the affidavits of Smullyan, Kinsey, and an attorney who had represented KHH, established their prima facie entitlement to judgment as a matter of law (*see Schuckman Realty v Cosentino*, 294 AD2d 484 [2002]). In response, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly awarded KHH, Smullyan, and Kinsey summary judgment dismissing the third cause of action.

New York does not recognize civil conspiracy to commit a tort as an independent cause of action (*see Hebrew Inst. for Deaf & Exceptional Children v Kahana*, 57 AD3d 734, 735 [2008]; *Salvatore v Kumar*, 45 AD3d 560, 563 [2007]; *Sokol v Addison*, 293 AD2d 600, 601 [2002]). Accordingly, a cause of action alleging conspiracy to commit a tort stands or falls with the underlying tort (*see Hebrew Inst. for Deaf & Exceptional Children v Kahana*, 57 AD3d at 735; *Salvatore v Kumar*, 45 AD3d at 563-564; *Sokol v Addison*, 293 AD2d at 601). Here, since no separate cause of action alleging fraud was asserted against KHH, Smullyan, and Kinsey, the cause of action alleging fraudulent conspiracy was properly dismissed. To the extent the fourth cause of action may be construed to assert a cause of action alleging fraud, it was properly dismissed insofar as asserted against KHH, Smullyan, and Kinsey, since it did not allege the essential elements of a fraud claim (*see generally Barclay Arms v Barclay Arms Assoc.*, 74 NY2d 644, 646-647 [1989]).

The plaintiff's remaining contentions are without merit.

We decline the request of KHH, Smullyan, and Kinsey for the imposition of a sanction against the plaintiff based upon allegedly frivolous conduct on this appeal (*see* 22 NYCRR 130-1.1 [a], [c]). Prudenti, P.J., Mastro, Roman and Sgroi, JJ., concur.