■ DUNE DECK OWNERS CORP., Respondent, v JOHN P. LIG-GETT, Appellant, et al., Defendants. [927 NYS2d 125]—

In an action, inter alia, to recover damages for breach of contract and fraudulent misrepresentation, the defendant John P. Liggett appeals from (1) an order of the Supreme Court, Suffolk County (Weber, J.), dated July 7, 2009, which granted his motion to dismiss the complaint, inter alia, pursuant to CPLR 3211 (a) (7), only to the extent of dismissing the complaint as premature, without awarding costs or disbursements in accordance with CPLR 8101, 8201, and 8301 (a), and (2) a judgment of the same court entered August 12, 2009, which, upon the order, is in favor of him and against the plaintiff dismissing the complaint only to the extent that it was premature, and failed to award him costs or disbursements in accordance with CPLR 8101, 8201, and 8301 (a).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, (1) by deleting the provision thereof dismissing the complaint insofar as asserted against the defendant John P. Liggett as premature, and substituting therefor provisions dismissing the cause of action to recover damages for breach of contract insofar as asserted against that defendant as premature, and unconditionally dismissing the causes of action to recover damages for fraudulent misrepresentation, tortious interference with contract, and conspiracy, and for an award of an attorney's fee, insofar as asserted against that defendant, and (2) by adding a provision thereto awarding costs and disbursements in an action to the defendant John P. Liggett in accordance with CPLR 8101, 8201, and 8301 (a); as so modified, the judgment is affirmed, with costs to the defendant John P. Liggett payable by the plaintiff, those branches of the motion of the defendant John P. Liggett which were pursuant to CPLR 3211 (a) (7) to unconditionally dismiss the causes of action to recover damages for fraudulent misrepresentation, tortious interference with contract, and conspiracy, and for an award of an attorney's fee insofar as asserted against him are granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate amended judgment.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are

brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

This action arises from the failure to proceed to closing in connection with the purchase and sale of certain real property (hereinafter the property), with respect to which the defendant John P. Liggett (hereinafter the defendant) was the successful bidder at a judicial auction sale. The defendant moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him. The Supreme Court granted the motion only to the extent of dismissing the complaint as premature, reasoning that the plaintiff had not yet suffered ascertainable damages as the result of the defendant's alleged conduct. The defendant appeals, and we modify the judgment to unconditionally dismiss, for failure to state a cause of action, the causes of action to recover damages for fraudulent misrepresentation, tortious interference with contract, and conspiracy, and for an award of an attorney's fee.

In determining a motion to dismiss pursuant to CPLR 3211 (a) (7), the complaint must be afforded a liberal construction, and the facts as alleged therein are to be accepted as true, with the pleading being accorded every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Here, while the plaintiff alleged that the defendant engaged in fraudulent misrepresentation by successfully bidding on the property without intending to close on the purchase, general allegations that a defendant entered into a contract with the intent not to perform are insufficient to state a cause of action to recover damages for fraud, and the Supreme Court should have dismissed that cause of action insofar as asserted against the defendant on that basis (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]; *Stangel v Zhi Dan Chen*, 74 AD3d 1050, 1052 [2010]).

Similarly, the cause of action to recover damages for tortious interference with contract should have been dismissed insofar as asserted against the defendant, since the plaintiff failed to plead " 'the existence of a valid contract between [the plaintiff] and a third party, and that the defendant intentionally procured the third party's breach of that contract without justification' " (*J.M. Bldrs. & Assoc., Inc. v Lindner*, 67 AD3d 738, 741 [2009], quoting *Dome Prop. Mgt., Inc. v Barbaria*, 47 AD3d 870, 870 [2008]). Moreover, to the extent that this cause of action may be construed as one to recover for tortious interference with prospective economic advantage, the alleged conduct by the defendant is not sufficiently culpable to support such a cause of action (*see generally Carvel Corp. v Noonan*, 3 NY3d 182, 190 [2004]; *NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 621-622 [1996]; *Adler v 20/20 Cos.*, 82 AD3d 915, 918 [2011]).

With regard to the conspiracy cause of action, New York does not recognize an independent cause of action based upon a civil conspiracy to commit a tort (*see Dickinson v Igoni*, 76 AD3d 943, 945 [2010]; *Hebrew Inst. for Deaf & Exceptional Children v Kahana*, 57 AD3d 734, 735 [2008]). Moreover, the cause of action to recover counsel fees "for the bringing of this action" should have been dismissed for failure to state a cause of action, as the plaintiff did not allege any lawful basis upon which such fees would be recoverable.

Finally, the Supreme Court erred in failing to award the defendant costs and disbursements (*see* CPLR 8101, 8201, 8301 [a]; *Diaz v Audi of Am., Inc.*, 57 AD3d 828, 832 [2008]).

The defendant's remaining contentions are without merit. Mastro, J.P., Belen, Sgroi and Miller, JJ., concur.