■ NASSAU REGIONAL OFF TRACK BETTING CORPORATION, Appellant, v GLORIA R. KEILY REVOCABLE TRUST, Defendant, and WL SUNRISE HIGHWAY, LLC, et al., Respondents. [927 NYS2d 162]—

The plaintiff, as tenant, entered into a lease with the defendant Gloria R. Keily Revocable Trust (hereinafter the Trust), as landlord, permitting the plaintiff to occupy the subject premises (hereinafter the property), where the plaintiff operates an off track betting parlor. Pursuant to the lease, the plaintiff had a right of first refusal to purchase the property. On April 8, 2010, the Trust closed on its sale of the property to the defendant WL Sunrise Highway, LLC (hereinafter WL), which was established by the defendant Larry R. Weinberger. The plaintiff commenced this action against the Trust for breach of the lease and against WL and Weinberger for tortious interference with the lease.

The plaintiff, on its motion for a preliminary injunction enjoining WL and Weinberger from selling, transferring, disposing, or otherwise encumbering the subject premises, or evicting it from the premises pending the disposition of the action, failed to demonstrate by clear and convincing evidence that there was a likelihood of success on the merits and that it would suffer irreparable harm if the injunction were not granted (*see Blinds & Carpet Gallery, Inc. v E.E.M. Realty, Inc.*, 82 AD3d 691, 692 [2011]; *Liotta v Mattone*, 71 AD3d 741 [2010]). Accordingly, the Supreme Court properly denied the motion, and vacated a temporary restraining order contained in the order to show cause by which the plaintiff initiated the motion.

Moreover, WL and Weinberger established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. They demonstrated that they did not intentionally procure the Trust to breach the lease and, thus, that the plaintiff did not have a viable cause of action to recover damages for tortious interference with the lease (*see Dome Prop. Mgt., Inc. v Barbaria*, 47 AD3d 870 [2008]; *Whitman Realty Group, Inc. v Galano*, 41 AD3d 590, 593 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) or make a showing that additional discovery was necessary to oppose the motion (*see* CPLR 3212 [f]; *Westport Ins. Co. v*

*Altertec Energy Conservation, LLC*, 82 AD3d 1207, 1212 [2011]). Accordingly, the Supreme Court properly awarded summary judgment to WL and Weinberger dismissing the complaint insofar as asserted against them and vacated the notice of pendency filed in connection with the subject premises. Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.