Fidelity Natl. Tit. Ins. Co. v Legend Abstract Corp. (2019 NY Slip Op 02501)





Fidelity Natl. Tit. Ins. Co. v Legend Abstract Corp.


2019 NY Slip Op 02501


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-04917
 (Index No. 35558/13)

[*1]Fidelity National Title Insurance Company, respondent,
v
Legend Abstract Corp., appellant, et al., defendants.


Daniel E. Bertolino, P.C., Upper Nyack, NY, for appellant.
Fidelity National Law Group, New York, NY (Adam B. Kaplan of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Legend Abstract Corp. appeals from an order of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated April 11, 2018. The order, in effect, denied that defendant's motion for an award of costs and disbursements.
ORDERED that the order is reversed, on the law, with costs, the appellant's motion for an award of costs and disbursements is granted, and the matter is remitted to the Supreme Court, Rockland County, for entry of the appellant's proposed judgment.
The plaintiff insurance company commenced this action against its policy-issuing agent, Legend Abstract Corp. (hereinafter Legend), and others, inter alia, to recover damages for breach of contract and breach of fiduciary duty. By order dated March 7, 2018, the Supreme Court, after a nonjury trial, directed dismissal of the action. Thereafter, Legend moved for an award of costs and disbursements, and served and filed a proposed judgment awarding it costs and disbursements. In an order dated April 11, 2018, the court, in effect, denied Legend's motion and declined to sign Legend's proposed judgment. Legend appeals.
Initially, there is no dispute that Legend is entitled to a judgment. The only issue on appeal is whether Legend was entitled to costs. CPLR 8101 provides that the party in whose favor a judgment is entered is entitled to costs in the action, which includes disbursements, unless otherwise provided by statute or unless the court determines that to allow costs would not be equitable under all of the circumstances. Here, the Supreme Court failed to state the equitable considerations underlying its denial of costs (see Matter of Birnbaum v Birnbaum, 157 AD2d 177, 192), and we discern no circumstances that would render such an award inequitable (cf. Matter of Gary E. Rosenberg, P.C. v McCormack, 266 AD2d 396). Accordingly, we agree with Legend that, as the prevailing party, it was entitled to an award of costs and disbursements (see CPLR 8101, 8201, 8301[a]; Dune Deck Owners Corp. v Liggett, 85 AD3d 1093, 1096; Diaz v Audi of Am., Inc., 57 AD3d 828, 832).
The plaintiff's remaining contentions are improperly raised for the first time on appeal (see IndyMac Venture, LLC v Amus, 164 AD3d 883, 886). We decline the plaintiff's request to take judicial notice of certain documents that the plaintiff referred to for the first time on appeal (see Matter of Sagres 9, LLC v State of New York, 164 AD3d 903, 905).
AUSTIN, J.P., LEVENTHAL, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court