Weiss v Bretton Woods Condominium (2022 NY Slip Op 02036)





Weiss v Bretton Woods Condominium


2022 NY Slip Op 02036


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-06666
 (Index No. 7878/12)

[*1]Ilan Weiss, appellant, 
v
Bretton Woods Condominium II, et al., respondents.


Steven G. Legum, Mineola, NY (Gina Biasi of counsel), for appellant.
Vincent D. McNamara, New York, NY (Helen M. Benzie of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for tortious interference with contractual relations, fraud, and wrongful ejectment, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered September 11, 2017. The judgment, insofar as appealed from, upon an order of the same court (Arthur M. Diamond, J.) entered May 12, 2016, granting those branches of the defendants' motion which were for summary judgment dismissing the seventh, eighth, and ninth causes of action, and denying the plaintiff's cross motion for summary judgment on the issue of liability on the ninth cause of action, is in favor of the defendants and against the plaintiff dismissing the seventh, eighth, and ninth causes of action.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff is the owner of a condominium unit in Coram, located in the defendant condominium community, Bretton Woods Condominium II (hereinafter the condominium). In May 2010, the Board of Managers of the condominium (hereinafter the board) recorded a lien in the Suffolk County Clerk's office against the plaintiff's condominium unit for unpaid common charges in the sum of $2,451. In June 2010, the plaintiff paid the sum of $2,451, and requested that the board record a satisfaction of lien. The board refused, insisting that the plaintiff was also required to pay attorneys' fees the board had incurred to collect the unpaid common charges. In March 2012, as a result of the plaintiff's failure to pay the attorneys' fees, the board allegedly deactivated the plaintiff's access card to the condominium complex, and denied the plaintiff and his tenant access to the common areas. As a result, the plaintiff's tenant stopped paying rent to the plaintiff.
The plaintiff commenced this action against the condominium and the board, inter alia, for a judgment declaring the lien null and void. In a second amended complaint, the plaintiff added Richard Wagner, the president of the board, as a defendant, and added causes of action, among other things, to recover damages for tortious interference with contractual relations and fraud (seventh and eighth causes of action), and to recover treble damages for wrongful ejectment pursuant to RPAPL 853 (ninth cause of action). Thereafter, the defendants moved for summary judgment dismissing the second amended complaint. The plaintiff cross-moved for summary judgment on the issue of liability on the ninth cause of action. In an order entered May 12, 2016, the Supreme Court, [*2]inter alia, granted those branches of the defendants' motion which were for summary judgment dismissing the seventh, eighth, and ninth causes of action, and denied the plaintiff's cross motion for summary judgment on the issue of liability on the ninth cause of action. On September 11, 2017, the Supreme Court entered a judgment, among other things, dismissing the seventh, eighth, and ninth causes of action. The plaintiff appeals.
"The tort of inducement of breach of contract, now more broadly known as interference with contractual relations, consists of four elements: (1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff" (Kronos, Inc. v AVX Corp., 81 NY2d 90, 94; see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424; CSI Group, LLP v Harper, 153 AD3d 1314, 1318). Here, the defendants demonstrated, prima facie, that they did not intentionally procure a breach of the lease on the plaintiff's unit (see Dome Prop. Mgt., Inc. v Barbaria, 47 AD3d 870; Schuckman Realty v Cosentino, 294 AD2d 484, 484-485). In opposition, the plaintiff failed to raise a triable issue of fact (see Barns & Farms Realty, LLC v Novelli, 82 AD3d 689, 691; Pink v Half Moon Coop. Apts., S., Inc., 68 AD3d 739, 741). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the seventh and eighth causes of action to the extent those causes of action alleged tortious interference with contractual relations.
"In an action to recover damages for fraud, the plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 421; see Garendean Realty Owner, LLC v Lang, 175 AD3d 653, 653). A claim alleging fraud must be pleaded with particularity (see CPLR 3016[b]). Here, the defendants established, prima facie, that Wagner did not intentionally misrepresent any facts to the plaintiff's tenant. In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the seventh and eighth causes of action to the extent those causes of action alleged fraud.
"A claim under [RPAPL 853] is only available to one evicted from property of which he or she was in actual possession" (Gold v Schuster, 264 AD2d 547, 550). Here, the defendants established, prima facie, that the plaintiff did not possess, occupy, or attempt to possess or occupy his condominium unit during the time period at issue, and that the plaintiff was not personally deprived of access to his unit (see RPAPL 853; Salem v U.S. Bank N.A., 82 AD3d 865; Golonka v Plaza at Latham, 270 AD2d 667, 670; Gold v Schuster, 264 AD2d 547; ZCWK Assoc. v Spadaro, 233 AD2d 126). In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the ninth cause of action, which was to recover treble damages for wrongful ejectment pursuant to RPAPL 853, and denied the plaintiff's cross motion for summary judgment on the issue of liability on that cause of action.
The defendants' remaining contentions are not properly before this Court.
LASALLE, P.J., CONNOLLY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court